```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DANIEL JOSEPH PARRISH,**

                **Plaintiff,**

      v.                                     CASE NO. 12-3214-SAC

**KANSAS DEPARTMENT OF CORRECTIONS,**
**et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's combined motion for reconsideration and interlocutory notice of appeal (Doc. 5). Plaintiff, a prisoner in state custody, brings this action pursuant to 42 U.S.C. § 1983 against the Kansas Department of Corrections and an individual officer, claiming that the legal research computer at the facility where he is incarcerated has been out of service for approximately 20 days.

*The motion for reconsideration*

Plaintiff is subject to 28 U.S.C. § 1915(g), the three-strikes rule of the Prison Litigation Reform Act. Under that provision, a prisoner cannot proceed in forma pauperis if he has filed at least three actions or appeals in the federal courts that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner "is under imminent danger of serious physical injury." § 1915(g).

By its order entered on October 10, 2012, the court found no basis to exempt plaintiff from that status, denied leave to proceed in forma pauperis, and directed plaintiff to submit the full filing fee on or

before November 9, 2012.

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Thus, a court must construe such a filing either as a motion to alter or amend the judgment pursuant to Rule 59(e), if the motion is filed within ten days from the entry of judgment, or, if it is filed more than ten days after the entry of judgment, as a motion for relief from judgment pursuant to Rule 60(b).

Here, because there is no final judgment, the court liberally construes the plaintiff's motion for reconsideration as a renewed request for leave to proceed in forma pauperis. Having considered the plaintiff's motion, which alleges that certain papers submitted to the Secretary of Corrections were not returned to the plaintiff, the court finds no showing that he is in imminent physical danger. Accordingly, the court must deny his motion.

*The interlocutory appeal*

Plaintiff also files a motion for interlocutory appeal, apparently from the order denying leave to proceed in forma pauperis. This request must be evaluated under 28 U.S.C. § 1292(b), which provides, in part:

> When a district judge in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals…may thereupon, in its discretion, permit an appeal to be taken from such order….

The court finds no basis to certify the interlocutory appeal nor any basis to grant leave to proceed on appeal in forma pauperis.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for reconsideration is liberally construed as a renewed motion for leave to proceed in forma pauperis and is denied.

IT IS FURTHER ORDERED that certification of the interlocutory appeal and leave to proceed on appeal in forma pauperis are denied. No stay will issue in this matter during the pendency of the appeal.

Copies of this order shall be transmitted to the plaintiff and to the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED:  This 17th day of October, 2012 at Topeka, Kansas.

 S/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge